UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BLACK LAKE LAND & OIL, L.L.C. | : | DOCKET NO. 09-2227 |
| VS. | : | JUDGE MINALDI |
| AUDUBON INSUREANCE COMPANY and LOUISIANA CITIZENS FAIR PLAN | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

This Report and Recommendation is issued in connection with the Memorandum Order (Doc. #44) issued on June 21, 2011. For the reasons stated therein and outlined below, it is recommended that all claims against defendant, Louisiana Citizens, be DISMISSED.

*Background*

Black Lake owns property in Cameron Parish, Louisiana, on which it operates a commercial hunting lodge. In 2005 Hurricane Rita damaged the property and Black Lake instituted suit on September 25, 2006, against Audubon Insurance Company (hereinafter"Audubon") and Louisiana Citizens Fair Plan (hereinafter "Louisiana Citizens") for flood and wind damage, respectively. The case was removed to this court on January 19, 2007, the removing parting alleging federal question jurisdiction, 28 U.S.C. §1331, stating this claim falls under the purview of National Flood Insurance Act of 1968, 42 U.S.C. §4001 *et seq.* Black Lake settled its claims against Audubon and the remaining parties jointly moved to remand the matter to the Fourteenth Judicial District Court. That motion was granted on June 5, 2008.

In September of 2009 a bench trial was held in Fourteenth Judicial District Court. The court issued an oral ruling in open court on October 22, 2009, in favor of Black Lake. Before judgment was signed, the parties entered mediation and ultimately the parties reached a

settlement. Counsel for Louisiana Citizens informed the state district court by letter that the parties entered into a compromise and that plaintiff's claims against Louisiana Citizens. should be dismissed with prejudice.[1] A Motion and Order of Dismissal dismissing Louisiana Citizens from the lawsuit was executed among counsel for the parties; however, for reasons unknown to this court, the motion was neither signed by the district court judge nor filed in the state court record.[2]

On November 19, 2009, Black Lake filed a supplemental and amended petition in the Fourteenth Judicial District Court. In this amended petition, Black Lake renamed Louisiana Citizens as a defendant, although it had never been formally dismissed, and added two new parties, Rimkus and Rogers. The allegations against Louisiana Citizens in the amended petition are identical to those in the original petition.[3]

In its Memorandum Order issued in this case in connection with the motion to remand, this Court found that Louisiana Citizens was improperly joined and since the only claims alleged in the amended petition against Louisiana Citizens are the same claims previously alleged and which have been resolved by settlement, that there was no possibility of recovery against it.[4] The court noted that

> Black Lake concedes, in its briefs, that it has settled its claims with Louisiana Citizens. In its Reply Brief, Black Lake states, ". . . Black Lake and Louisiana Citizens subsequently settled their claims and no judgment was ever signed orentered . . .." Again, in its Post-Hearing Brief, Black Lake writes, " . . . the only evidence is that Black Lake settled its claims with Louisiana Citizens at some point.

Doc. #44, p. 5.

---

[1] Doc. 1, Att. 3, Ex. B.
[2] *Id.*
[3] Black Lake seeks recovery under Louisiana Citizen's policy for damages to its property caused by Hurricane Rita and penalties under La.R.S. 22:658 (now La. R.S. 22:1892) and 22:1220 (now La.R.S. 1973).
[4] Doc. 44, p. 5.

The record clearly supports a finding that all of Black Lake's claims against Louisiana Citizens have been compromised. For these reasons,

IT IS RECOMMENDED that any and all claims asserted by Black Lake against Louisiana Citizens be DISMISSED with PREJUDICE with defendant to bear all costs of the state court proceeding.[5]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 29th day of June, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[5] These are the terms and conditions as set forth in the judgment signed by counsel for both parties and presented to the state court for signature. Doc. 1, Att. 3, Ex. B.

3